IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINA K. CONNEARNEY,

        *Plaintiff*,

v.

MAIN LINE HOSPITALS, INC. *et al.*,

        *Defendants*.

CIVIL ACTION
No. 15-02730

PAPPERT, J.                                                                                                                                                         November 4, 2016

## MEMORANDUM

      Christina Connearney sued her former supervisor and employer alleging, *inter alia*, claims of disparate treatment and hostile work environment in violation of the Age Discrimination in Employment Act.[1] Before the Court is Defendants Main Line Hospitals, Inc. and Kathleen Hogan's Motion for Reconsideration of a portion of the Court's summary judgment decision. (ECF No. 83.) For the following reasons, the Court denies the motion.

### I.

      Defendants filed their Motion for Summary Judgment on August 22, 2016. (ECF No. 40.) Connearney responded to the motion on September 20, 2016. (ECF No. 49.) The Court held oral argument on October 14, 2016, (ECF No. 68), and issued its Opinion and Order on October 28, (ECF Nos. 81 & 82). In their motion, Defendants argued, *inter alia*, that Connearney had failed to establish a *prima facie* case of hostile work environment due to age discrimination. To do so, Connearney must prove: (1) she suffered intentional discrimination because of her age; (2) the discrimination was pervasive and regular; (3) the discrimination

---

[1]     The Court provided a detailed recitation of the facts in its decision granting in part and denying in part Defendants' Motion for Summary Judgment. *See Connearney v. Main Line Hosps., Inc.*, No. 15-2730, 2016 WL 6440371, *1–3 (E.D. Pa. Oct. 28, 2016).

1

detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same age; and (5) the existence of respondeat superior liability.  *See Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009).

Specifically, Defendants argued that Connearney could not show intentional discrimination or that such conduct was severe or pervasive.  (Defs.' Mot. for Summ. J., ECF No. 40, hereafter "Defs.' Mot.," at 14–16.)  Accordingly, Defendants claimed they were entitled to judgment on the claim.  In their reply brief in support of their motion, Defendants again contended that the conduct in question was not age discrimination, and in any event, it was not severe or pervasive.  (Defs.' Reply, ECF No. 54, at 1, 7.)  Defendants reiterated these positions at oral argument.  (ECF No. 68.)  Defendants also argued in their motion that Connearney could not establish a claim of aiding and abetting age discrimination under the Pennsylvania Human Relations Act ("PHRA") because she had failed to establish evidence of any direct or personal involvement in discriminatory conduct by Defendants.  (Defs.' Mot., at 23.)  They reiterated that Connearney was not discriminated against because of her age, and therefore, her claim should fail.  (*Id*.)

The Court denied Defendants' motion with respect to both of these claims.  It reasoned that based on the record evidence presented to the Court, Connearney had established a *prima facie* case of a hostile work environment and had also established enough evidence for her aiding and abetting claim against Defendant Hogan.  *See Connearney v. Main Line Hosps., Inc.*, No. 15-2730, 2016 WL 6440371, *6–8, 13 (E.D. Pa. Oct. 28, 2016).

## II.

Defendants now raise—for the first time—in their Motion for Reconsideration the following argument:   Defendant Hogan is not a "supervisor" under the law, therefore

Connearney cannot establish vicarious liability for the purposes of her hostile work environment claim, and because Hogan is not a supervisor she cannot be liable under the PHRA because only supervisors may be held liable for aiding and abetting.  In support of their motion, Defendants attach a portion of Defendant Hogan's deposition transcript.  *See* (Def.'s Mot. for Recons., ECF No. 83-1, Ex. 1).  Defendants contend that Hogan testified that she had limited authority to discipline individuals.  This was the first time the Court saw this portion of Hogan's deposition—while the parties both attached excerpts of Hogan's testimony to their summary judgment filings, neither attachment included this portion of the deposition. *See* (Defs.' Ex. C, ECF No. 39-34; Pl.'s Ex. J, ECF No. 50-20).

**III.**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (citation omitted).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted). Defendants claim the Court committed a clear error of fact that will result in manifest injustice. The Court disagrees.

As an initial matter, it is difficult for the Court to *reconsider* something it was never asked to *consider* in the first place.  *Cf. Atencio v. Jerome Joint Sch. Dist. No. 263*, No. 1:10-cv-00130, 2011 WL 5295337, *2 (D. Idaho Nov. 3, 2011) ("Atencio cannot complain on a motion to reconsider that the Court never considered an issue that she never raised."); *Buell v. Hughes*, 596

F. Supp. 2d 380, 384 n.2 (D. Conn. 2009) ("As the Court never 'considered' this retaliation claim in the first place, it cannot 'reconsider' the claim now."); *United States v. Ibarra*, 731 F. Supp. 1037, 1039 (D. Wyo. 1990) ("The title of the government's motion is a misnomer because it now asks the court to 'reconsider' an issue that was never considered by the court."). Defendants never stated that Hogan was not a supervisor—factually, legally or otherwise. They did not make this argument in either their original motion or their reply brief and they did not raise it at oral argument. *Cf. Perkins v. City of Elizabeth*, 412 F. App'x 554, 555 (3d Cir. 2011) ("Courts cannot become advocates for a party by doing for that party what the party ought to have done for him or herself.").

Regardless, there remains a disputed issue of material fact as to how much authority Defendant Hogan had—whether she was "empowered by the employer to take tangible employment actions against the victim, *i.e.*, to effect a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2444 (2013).

Defendants do not dispute that Hogan was the Nurse Manager for the emergency department at Lankenau Medical Center. Moreover, as Connearney points out in her response, Defendant Hogan's deposition testimony was far from clear as to her management responsibilities and ultimate authority. *See* (Pl.'s Resp. to Defs.' Mot. for Recons., ECF No. 96-1, at 3). Hogan had disciplinary authority, *see* (Hogan Dep., at 110:14–113:22); how much authority she possessed remains a factual dispute to be resolved by the jury. Moreover, while it is clear that multiple individuals—including Hogan—were involved in the decision to terminate

4

Connearney, the jury must decide how much influence Hogan exercised in that process.  *See* (Papa Dep., 297:22–298:8).

      An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.